## CIRCUIT COURT OF THE CITY OF RICHMOND

Midland-Ross Corp.

v.

Adamson Co., Inc.

March 10, 1977

Case No. 8455

By JUDGE MARVIN F. COLE

I have before me for decision the question of the statute of limitations in the above case. I will not refer to the facts at this time since they were stipulated by counsel in written form. Section 8.2-725 of the Code states the following:

> Section 8.2-725. *Statute of limitations in contracts for sale.* (1) an action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach is or should have been discovered.

(3) Where an action commenced within the time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.

(4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this act becomes effective.

The purpose of this provision in the Uniform Commercial Code was to introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdiction on variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several different periods of limitation depending upon the state in which the transaction occurred. This article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice. Subsection (1) permits the parties to reduce the period of limitation. The minimum period is set at one year. The parties may not, however, extend the statutory period beyond four years.

Subsection (2) providing that the cause of action accrues when this breach occurs, states an exception where the warranty extends to future performance. It should be noted that future performance must be explicitly stated in regard to future performance.

Subsection (3) states the saving provision included in many state statutes and permits an additional short period for bringing new action, where suits begun within the four year period have been terminated so as to leave a remedy still available for the same breach.

Subsection (4) makes it clear that this article does not purport to alter or modify in any respect the law on tolling of the statute of limitations as it now prevails in the various jurisdictions, and is set forth in Virginia in Section 8-33.

Counsel for the parties apparently agree that the cause of action contained in Adamson's counterclaim accrued when the crane was delivered to Adamson's plant in Urbanna, Ohio, on or about December 21, 1971. Counsel for Adamson Company, Inc., contends that the statute of limitations of one year as set forth in the sales contract should not be applied in this case due to the doctrines of equitable estoppel or unconscionable conduct as set forth in the Uniform Commercial Code.

With this contention I cannot agree.

The Supreme Court has stated many times that statutes of limitation are statutes of repose, the object of which is to compel the exercise of a right of action within a reasonable time. They are designed to suppress fraudulent and stale claims from being asserted after a great lapse of time, to the surprise of the parties, when the evidence may have been lost, the facts may have become obscure because of defective memory, or the witnesses have died or disappeared.

In the case of *Richmond Redevelopment and Housing Authority* v. *Laburnum Construction Corporation*, 195 Va. 827 (1954), the court discussed the effect of fraud upon the running of a statute of limitations and it stated the following: "It nowhere appears that the designed purpose of the alleged misrepresentations was to conceal the cause of action. Constructive fraud is not such as will toll the running of the statute of limitations. The character of fraud necessary to toll the statute must be of a variety involving moral turpitude. A defendant must intend to conceal the discovery of the cause of action by trick or artifice and must have thus actually concealed it from the plaintiff in order for the exception to apply."

None of the facts in the case at bar show any misrepresentations made by Midland-Ross for the purpose of concealing discovery of the cause of action.

Further in the *Housing Authority* v. *Laburnum* case the court discussed a one year statute of limitations set forth in a contract and held that such a limitation was valid. The court held in that case that Count 2 charged the defendant with faulty workmanship and that it came within the purview of contractual limitation of one year and that any action under this account was barred by the limitation of one year set forth in the contract.

In the case of *Hawks* v. *DeHart*, 206 Va. 810 (1966), the plaintiff alleged in her motion for judgment that Dr. DeHart "did knowingly, actively and negligently conceal from the plaintiff the fact of the presence of such needle in her neck." The court held that Section 8-33 of the Code provides that if a defendant obstructs the prosecution of such action as this, or by any other indirect way or means, the time of such obstruction shall be excluded in applying the limitation. However, they then quoted the *Housing Authority* v. *Laburnum* case and stated that constructive fraud is not such as will toll the running of the statute of limitations and stated that a defendant must intend to conceal the discovery of the cause of action by trick or artifice and must have thus actually concealed it from the plaintiff in order for the exception to apply. The court held that the allegation set forth above was not sufficient to toll the running of the statute of limitations in that case.

It is the conclusion of the court that the statute of limitations has run as to the allegations set forth in the counterclaim.